**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Melbourne Robert Ames, | No. CIV 11-462-TUC-DCB (GEE) |
| Petitioner, | **REPORT AND RECOMMENDATION** |
| vs. | |
| Charles L. Ryan; et al., | |
| Respondents. | |

Pending before the court is a petition for writ of habeas corpus filed on August 1, 2011, by Melbourne Robert Ames, an inmate confined in the Arizona State Prison Complex in Buckeye, Arizona. (Doc. 1)

Pursuant to the Rules of Practice of this court, this matter was referred to Magistrate Judge Edmonds for report and recommendation.

The Magistrate Judge recommends the District Court, after its independent review of the record, enter an order dismissing the petition. It is time-barred.

Summary of the Case

Ames was convicted after a jury trial of "aggravated assault with a deadly weapon, unlawful imprisonment, kidnapping of a minor under the age of fifteen, first-degree burglary, and two counts of aggravated assault of a minor under the age of fifteen." (Doc. 7-2, ¶ 1) The

1 trial court sentenced Ames to concurrent and consecutive sentences totaling 17 years'
2 imprisonment. *Id.*, ¶ 17.

3     On direct appeal, Ames argued the trial court erred by refusing to give his requested jury
4 instruction on duress. *Id.*, ¶ 7. The court of appeals affirmed his convictions and sentences on
5 June 30, 2008. (Doc. 7-2, p. 25) Ames did not appeal to the Arizona Supreme Court. (Doc. 7,
6 p. 2)

7     On May 21, 2008, while his direct appeal was pending, Ames filed notice of post-
8 conviction relief. (Doc. 7-2, p. 36) In his petition, he argued, *inter alia*, that counsel was
9 ineffective for failing to properly explain the plea bargain offered by the state before trial. (Doc.
10 7-3, p. 6) The trial court denied the petition on June 16, 2009. (Doc. 7-4, p. 13) The court of
11 appeals granted review but denied relief on January 14, 2010. (Doc. 7-4, p. 36) His petition
12 for review before the Arizona Supreme Court was denied on June 2, 2010. (Doc. 7-5, p. 17)

13     On August 1, 2011, Ames filed in this court a petition for writ of habeas corpus pursuant
14 to 28 U.S.C. § 2254. (Doc. 1) He argues counsel was ineffective for failing to properly explain
15 the plea bargain offered by the state before trial. *Id.*

16     On October 7, 2011, the respondents filed an answer arguing the petition is time-barred.
17 (Doc. 7) Ames did not file a reply.

18

19     <u>Discussion</u>

20     The writ of habeas corpus affords relief to persons in custody in violation of the
21 Constitution or laws or treaties of the United States. 28 U.S.C. § 2241. A one-year limitation
22 period applies to persons in custody pursuant to a state court judgment. 28 U.S.C. § 2244(d).
23 The statute reads in pertinent part as follows:

24     (1)    A 1-year period of limitation shall apply to an application for a writ of
25     habeas corpus by a person in custody pursuant to the judgment of a State
court. The limitation period shall run from the latest of--

26     (A)    the date on which the judgment became final by the conclusion of
direct review or the expiration of the time for seeking such review;
27
28     (B)    the date on which the impediment to filing an application created
by State action in violation of the Constitution or laws of the

>
> United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The limitation period for Ames' claim was triggered on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The court of appeals affirmed Ames' convictions and sentences on June 30, 2008. (Doc. 7-2, p. 25) He then had 30 days to file a petition for review with the Arizona Supreme Court. Ariz.R.Crim.P. 31.19(a). His judgment became final on July 30, 2008, when he failed to do so. (Doc. 7, p. 2); *See Hemmerle v. Schriro*, 495 F.3d 1069, 1073-74 (9th Cir. 2007), *cert. Denied*, 555 U.S. 829 (2008).

The one-year limitation period did not begin to run immediately because Ames' post-conviction relief petition was pending at this time. *See* 28 U.S.C. § 2244(d)(2). Tolling pursuant to § 2244(d)(2) continued until his petition for review from the Arizona Supreme Court was denied on June 2, 2010. *See* (Doc. 7-5, p. 17) The limitation period began running the next day and expired one year later on June 2, 2011. *See Hemmerle*, 495 F.3d at 1077. Ames filed his petition in this court on August 1, 2011. It is time-barred.

Ames argues his petition is timely because the limitation period did not begin running until 90 days after the Arizona Supreme Court denied his petition on June 2, 2010. (Doc. 1, p. 5) He cites *Summers v. Schriro*, 481 F.3d 710, 717 (9th Cir. 2007) as "permitting the 90-day time period for which to seek certiorari to the United States Supreme Court to be tolled." *Id*.

- 3 -

1 Ames is incorrect; *Summers* does not incorporate the 90-day time period into the tolling
2 provision, § 2244(d)(2). *See Summers*, 481 F.3d at 716-17.

3 In *Summers*, the defendant pleaded guilty in state court and then filed an "of-right" Rule
4 32 post-conviction relief petition. *Summers*, 481 F.3d at 716-17. The Ninth Circuit held that
5 an Arizona defendant's "of-right" Rule 32 proceeding functions as "direct review" for the
6 purposes of § 2244(d)(1)(A). *Id*. Accordingly, the limitation period does not begin to run until
7 the conclusion of that review or the "expiration of the time for seeking such review." 28 U.S.C.
8 § 2244(d)(1)(A). In *Summers*, the defendant appealed the denial of his "of right" Rule 32
9 proceeding to the Arizona Supreme Court but did not file a petition with the U.S. Supreme
10 Court. His limitation period therefore began after the 90-day period for filing a petition for writ
11 of cert. expired. *Summers*, 481 F.3d at 716-17. *Summers* explains when a Rule 32 petition
12 functions as a direct appeal for the purposes of § 2244(d)(1)(A). *Id*. *Summers* does not apply
13 to the operation of the tolling provision, § 2244(d)(2). *Id*.

14 In this case, Ames went to trial and filed a proper direct appeal. The start of his
15 limitation period was triggered by the conclusion of that direct review process. His subsequent
16 Rule 32 petition was not an "of right" petition, but it did toll the limitation period pursuant to
17 § 2244(d)(2). This tolling ceased on June 2, 2010 when his "application for State
18 post-conviction . . . review" was no longer "pending." 28 U.S.C. § 2244(d)(2). *See Lawrence
19 v. Florida*, 549 U.S. 327, 332, 127 S.Ct. 1079, 1083 (2007) ("[Section] 2244(d)(2) does not toll
20 the 1-year limitations period during the pendency of a petition for certiorari."). The limitation
21 period began running the next day and expired one year later on June 2, 2011. Ames filed his
22 petition in this court on August 1, 2011. It is time-barred.

23

24 RECOMMENDATION

25 The Magistrate Judge recommends that the District Court, after its independent review
26 of the record, enter an order DISMISSING the Petition for Writ of Habeas Corpus. (Doc. 1)
27 It is time-barred.

28

1  Pursuant to 28 U.S.C. §636 (b), any party may serve and file written objections within
2  14 days of being served with a copy of this report and recommendation. If objections are not
3  timely filed, they may be deemed waived.
4  The Clerk is directed to send a copy of this report and recommendation to the petitioner
5  and the respondents.

7  DATED this 6th day of January, 2012.

_____
Glenda E. Edmonds
United States Magistrate Judge

- 5 -