# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Melbourne Robert Ames,<br>   Plaintiff,<br>v.<br>Charles L. Ryan; et al.,<br>   Defendants. | CV 11-462-TUC-DCB<br><br>**ORDER** |

 On August 11, 2011, the Petitioner filed a Petition for Writ of Habeas Corpus, challenging his state court conviction for aggravated assault with a deadly weapon, unlawful imprisonment, kidnaping of a minor under the age of fifteen, first-degree burglary and two counts of aggravated assault of a minor under the age of fifteen. The case was referred to Magistrate Judge Glenda E. Edmonds on August 25, 2011, pursuant to Rules of Practice for the United States District Court, District of Arizona (Local Rules), Rule (Civil) 72.1(a). On December 2, 2009, Magistrate Judge Edmonds issued a Report and Recommendation (R&R). (Doc. 77.) She recommends denying the Petition because it is barred by a one-year statute of limitation period, 28 U.S.C.A. § 2244(d). The Court accepts and adopts the Magistrate Judge's R&R as the findings of fact and conclusions of law of this Court and dismisses the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody.

## STANDARD OF REVIEW

 The duties of the district court in connection with a R&R by a Magistrate Judge are set forth in Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). The district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Fed.R.Civ.P. 72(b); 28 U.S.C. § 636(b)(1).

Where the parties object to a Report and Recommendation, "'[a] judge of the [district] court shall make a *de novo* determination of those portions of the [R&R] to which objection is made.'" *Thomas v. Arn,* 474 U.S. 140, 149-50 (1985) (quoting 28 U.S.C. § 636(b)(1)). When no objections are filed, the district court need not review the R&R *de novo*.

This Court's ruling is a *de novo* determination as to those portions of the R&R to which there are objections. 28 U.S.C. § 636(b)(1)(C); *Wang v. Masaitis,* 416 F.3d 992, 1000 n. 13 (9th Cir.2005); *United States v. Reyna-Tapia,* 328 F.3d 1114, 1121-22 (9th Cir.2003) (*en banc*). To the extent that no objection has been made, arguments to the contrary have been waived. Fed. R. Civ. P. 72; *see* 28 U.S.C. § 636(b)(1) (objections are waived if they are not filed within fourteen days of service of the Report and Recommendation), *see also McCall v. Andrus*, 628 F.2d 1185, 1187 (9th Cir. 1980) (failure to object to Magistrate's report waives right to do so on appeal); Advisory Committee Notes to Fed. R. Civ. P. 72 (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974) (when no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation)).

The parties were sent copies of the R&R and instructed that, pursuant to 28 U.S.C. § 636(b)(1), they had 14 days to file written objections. *See also,* Fed. R. Civ. P. 72 (party objecting to the recommended disposition has fourteen (14) days to file specific, written objections). In reviewing the R&R, the Court has considered the Objection filed by the Defendant and the Petition and Answer considered by the Magistrate Judge in making her recommendation.

**OBJECTIONS**

After being convicted by a jury, the Petitioner filed a direct appeal and a petition for post-conviction relief under Arizona Rule 32 to allege ineffective assistance of trial counsel. The Rule 32 petition tolled the running of the one-year statute of limitation period that applies to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. 28 U.S.C. 2244(d).

The Petitioner argues that he is entitled to further tolling of the one-year statute of limitation for an additional 90 days during the period of time he had after the Arizona Supreme Court ruled on his Rule 32 petition to file a petition for certiorari with the United States Supreme Court.  Petitioner asks the Court to apply *Summers v. Schriro*, 481 F.3d 710, 717 (9th Cir. 2007), where the Ninth Circuit Court of Appeals held that when a defendant pleads guilty in Arizona, Rule 32 provides for "of right" post conviction relief.  In other words, a Rule 32 petition functions as a direct appeal for purposes of 28 U.S.C. § 2244(d)(1)(A) for a defendant pleading guilty.

The Supreme Court has specified that the one-year habeas clock starts to run from a direct appeal when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction. *Clay v. United States*, 537 U.S. 522, 525 (2003).  In *Summers*, the court explained that for a defendant pleading guilty, the limitation period begins after the 90-day period for seeking certiorari from the Rule 32 petition.

Here, Petitioner argues that in Arizona, a Rule 32 petition is the only means for raising ineffective assistance of trial counsel claims, therefore, under *Summers* his Rule 32 petition should function as a direct appeal and the statute of limitations period should toll for 90-days for purposes of 28 U.S.C. § 2244(d)(1)(A).

Petitioner's logic fails because he did take a direct appeal from his conviction, therefore, his limitation period was triggered by the conclusion of that direct review process.  As the Magistrate Judge correctly held: "His subsequent Rule 32 petition was not an "of right" petition, but it did toll the limitation period pursuant to § 2244(d)(2). This tolling ceased on June 2, 2010 when his "application for State post-conviction . . . review" was no longer "pending." 28 U.S.C. § 2244(d)(2). *See Lawrence v. Florida*, 549 U.S. 327, 332, 127 S.Ct. 1079, 1083 (2007) ("[Section] 2244(d)(2) does not toll the 1-year limitations period during the pendency of a petition for certiorari."). The limitation period began running the next day and expired one year later on June 2, 2011. Ames filed his petition in this court on August 1, 2011. It is time-barred."  (R&R at 4.)

## CONCLUSION

After *de novo* review of the issues raised in Petitioner's Objection, this Court agrees with the findings of fact and conclusions of law made by the Magistrate Judge in the R&R for determining the Petition. The Court adopts the R&R, and for the reasons stated in it, the Court denies the Petition.

**Accordingly,**

**IT IS ORDERED** that after a full and independent review of the record, in respect to the objections raised by Petitioner, the Magistrate Judge's Report and Recommendation is accepted and adopted as the findings of fact and conclusions of law of this Court.

**IT IS FURTHER ORDERED** that Petition for Writ of Habeas Corpus, Pursuant to 28 U.S.C. § 2254 (Doc. 1) is DISMISSED.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter Judgment accordingly.

**IT IS FURTHER ORDERED** that Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, in the event Petitioner files an appeal, the Court declines to issue a certificate of appealability because reasonable jurists would not find the Court's procedural ruling debatable. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

DATED this 2nd day of April, 2012.

David C. Bury
United States District Judge